UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL T. ANDERSON, #17634                               PETITIONER

VERSUS                                    CIVIL ACTION NO. 3:15cv894-DPJ-LRA

WARDEN TURNER                                        RESPONDENT

ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Michael T. Anderson, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

I.  Background

Petitioner is challenging his convictions for murder, aggravated assault, and felon in possession of a weapon rendered by the Hinds County Circuit Court. Petitioner is serving three life sentences without the possibility of parole in the custody of the MDOC.

The Mississippi Supreme Court affirmed Petitioner's convictions on November 19, 2015. Pet. [1] at 2–3. Petitioner's counsel filed a motion for rehearing on December 3, 2015, and this motion is pending before the Mississippi Supreme Court. *See* Resp. [6] at 1; *Anderson v. State of Miss.*, No. 2012-CT-01066-SCT, Motion for Rehearing #2015-5366 (filed Dec. 3, 2015).

II.  Discussion

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008). To satisfy the exhaustion requirement, the substance of the federal claim must have been

fairly presented to the highest state court.  *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004).  A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

Since Petitioner's direct appeal is currently pending before the Mississippi Supreme Court, it is clear that he has not completed the exhaustion of his state remedies prior to filing this habeas petition.  As such, this Petition filed pursuant to 28 U.S.C. § 2254 will be dismissed for Petitioner's failure to exhaust his available state remedies.  *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

III.   Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied.  A final judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2016.

                                             s/ *Daniel P. Jordan III*
                                             UNITED STATES DISTRICT JUDGE